[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs (Wolod) have brought this action against the defendants (Bolash). The Wolod family are the owners of land located at 280 Fresh Meadow Road in the Town of West Haven, while Mr. and Mrs. Bolash are the owners of the adjacent land known as 251 Fresh Meadow Road.
It is the boundary between the two properties that is in dispute, a dispute that has existed between them for decades.
The plaintiffs are requesting the court to determine the rights of the respective parties to the disputed area and are asking the court to settle the title thereto. Also, the plaintiffs accuse the defendants of committing a trespass upon their property and are seeking an injunction and damages. Furthermore, they are asking that the defendants be ejected from the subject area.
The defendants Bolash in general deny that they are in possession of any land owned by the plaintiffs, but rather own and are in possession of the land known as 251 Fresh Meadow Road. Part of the dispute involves a gravel driveway which they claim to own as well as the land north and south of said driveway. The gravel driveway leads to what appears to be a private road which in turn leads to a public highway over which they claim to have an easement as of right or by necessity which is appurtenant to their property, allowing them ingress and egress to the public highway. They also claim that certain of the plaintiffs have trespassed upon their land, cutting down trees and causing other property damage to the defendants. Finally, Robert Bolash, who occupies the property at 251 Fresh Meadow Road, claims intentional infliction of emotional distress by John Wolod and is seeking damages from the said John Wolod.
The property descriptions in the deeds to both parties are very vague, describing the property only by use of the four points of the compass and naming the various owners thereof and merely reciting the total acreage being conveyed.
Access to both properties has been by way of Fresh Meadow Road, a public highway and a paved roadway off of the same for some distance leading to a gravel driveway to the Bolash properties and a driveway to the Wolod home.
Evidence was presented by the surveyor for the defendant that after viewing several old maps of the area that Fresh Meadow Road extended from the Boston Post Road to Route 34, traversing the Wolod property along its westerly boundary. The survey depicting this roadway is not to be found in the public records of either the Town of Orange or the City of West Haven. He buttresses that opinion based upon a deed dated January 23, CT Page 372 1875 from one Michael McGuiness to the Town of Orange, the predecessor of the City of West Haven, conveying a strip of land two rods wide at Fresh Meadow Road following the centerline of an existing road. The survey mentioned in the various deeds cannot be located so that, while the evidence points to this road being an extension of the present Fresh Meadow Road, this cannot be verified. Exhibit 4, however, which is a Certificate of Devise from the Estate of Rita Wolodkevich, a/k/a Rita Wolod, the mother of the plaintiffs, makes reference to the following. "A highway runs through the same in a northerly and southerly direction."
An attempt was made during the 1980's to resolve the differences between the two families and, to this end, they hired a surveyor, Charles Cahn, to undertake a survey in the area of the disputed boundary and to propose a line to be the boundary line between the two properties. See Exhibit I with the notation therein "Line of Agreement." See also Exhibit J.
This proposed boundary line which was agreed upon by the plaintiffs' mother who was the owner at the time never came to fruition due to their failure to locate a relative who claimed an interest in the property at the time. The respective owners, however, abided by this agreement as to their respective boundaries as depicted in the survey of Charles Cahn. (See Exhibit I). This agreement continued until the present dispute arose. The plaintiffs are interested in selling their property which is the underlying reason for this action.
The ruling case law in Connecticut indicates that, "in resolving a boundary dispute, a trial court must identify the boundary line along a course for which there is a supporting basis in its findings and in the prayers for relief." Goodrich v. Diddato, 48 Conn. App. 436, 440 (1998) (internal citations omitted).
The court, after viewing the property in dispute and having heard all of the evidence, finds the survey of Mr. Schatzlein is the correct one. See Exhibit K. The court bases its opinion not only on the testimony of Mr. Schatzlein but also the fact that the defendant and the plaintiffs' predecessor in title had agreed upon a line and, while that agreement never came to fruition the interested parties occupied their properties in accordance with that agreement for several decades up until the present dispute arose.
Furthermore, the court finds that the roadway from Fresh Meadow Road was at one time a public road, the same road referred to in earlier deeds. (See Exhibit L). This is evident by the fact that it was cared for by the City of West Haven. The City improved the road with macadam, engaged in snow removal operations and trash removal up until the present CT Page 373 dispute at which time they indicated they would no longer carry out these functions. Postal service was also provided until the City abandoned any interest it may have had in the property.
The Court quiets the title to the boundary between the parties as follows. Referring to a survey performed by R. J. Schatzlein dated May 2000, (Exhibit K) entitled "Map of Raymond P. and Margaret W. Bolash, West Haven Connecticut."
Beginning at a point in the line as shown on said Map as an extension of the southerly boundary line of the plaintiffs and the defendants properties as it crosses the paved roadway of Fresh Meadow Road.
thence running northerly along the center line of the existing paved roadway as shown on said map to a point opposite a tree marked "20" Oak w/wire on said map.
thence along a line perpendicular to the center line of said roadway to the center of said 20 inch oak.
thence following the boundary line shown on said survey as follows:
 "North 22° 46' 52" E 71.20 feet, to an iron pin North 41° 60' 50" E 76.53 feet, to an iron pin South 88° 26' 42" S 71.42 feet, to an angle iron South 83° 20' 06" E 44.32 feet, to a spike near an old wood post South 83° 29' 12" E 68.54 feet South 84° 31' 09" E 70.50 feet South 77° 56' 56" E 6.45 feet South 84° 25' 40" E 28.01 feet South 29° 25' 12" E 23.11 feet South 86° 24' 39" E 20.19 feet South 82° 43' 22" E 41.30 feet South 83° 28' 35" E 104.60 feet"
Subject to a mutual easement by each party over that portion of the existing paved roadway lying on the land of the other, for egress and ingress by foot or by vehicle for all reasonable uses in connection with the uses of their existing properties.
Subject furthermore to the rights of the parties to all existing utility lines and connections as well as the maintenance and replacement of same, including in particular that pole and line as shown on said map.
The court enjoins both parties from interfering with the quiet CT Page 374 enjoyment of the other's property and shall refrain from going upon the property of the other without their express invitation except as otherwise provided for herein.
In particular, the plaintiff John Wolod, is enjoined from interfering with the defendant's use of their property and is to have no contact with any of the defendants except at their invitation. He is to take no action along the property line that interferes with the defendants quiet enjoyment of their property such as blowing an automobile horn, spray paint any portion of the boundary, display any ribbons just to annoy the defendants, nor shall he tamper with any utility pole or utility line servicing the defendants.
As for the defendants Raymond and Margaret Bolash, while the plaintiff John Wolod may have committed acts of vandalism such as the removal of trees and shrubs, there is no evidence as to what the amount of such damage might be, therefore the court makes no award.
As for the defendant Robert Wolod, he may have been harassed by the defendant John Wolod, there is no evidence as to any medical costs incurred, nor any indications of any lost wages. Therefore, the court makes no award.
The court directs that Mr. Schatzlein is to undertake a survey of the boundary line in accordance with the judgment of the court. The cost for said survey is to be shared equally between the parties.
Judgment therefore may enter in accordance with the above.
THE COURT
By CURRAN, J.